FEARN, DONEGAN
& Co.
*v.*
MALTBY & Co.

</div>

---

| 9 | 9 |
|---|---|
| 45 | 1443 |

## EULALIE AND HER CHILDREN *v.* LONG & MABRY.

A slave may acquire a prescriptive title to his liberty under Article 3510 of the Civil Code.

An exception that petition shows no ground of action, admits the truth of all the allegations of the petition; but if the exception be overruled, the defendant will have leave to answer over.

APPEAL from the First District Court of New Orleans, *Larue*, J. *W. Beatty* and *S. L. Johnson*, for plaintiffs and appellants. *R. H. Marr*, for defendants.

OGDEN, J. The petitioner sets forth that she is a free negro woman, over sixty-five years of age, and the mother of some and grandmother of others of the plaintiffs named in the petition, sixteen in number, who all join in the

prosecution of this suit; that for the last forty-five years she has been in the full enjoyment of her freedom in the Parish of Pointe Coupée, as also her said children and grandchildren, until about the close of the year 1852, when they were forcibly taken from their homes in said parish, at night, by certain armed persons to them unknown, and transferred to the custody of the defendants, who retain them, thus deprived of their liberty, averring that they are slaves and belong to them as such.

The defendants rely on an exception, that the matters and things alleged and stated in the manner and form as they are set forth in the petition, exhibit no cause of action against them, and no right on the part of the plaintiffs to be free, or to be declared free.

On those pleadings, a judgment has been rendered by the court below, sustaining the exceptions and dismissing the petition of the plaintiffs; from which judgment the present appeal is taken.

The exception taken, admits the truth of all the allegations in the petition, and its legal effect is not weakened or impaired in any manner by the protestation contained in the plea, that the defendants are ignorant and innocent of any act of violence towards the plaintiffs. The question then presented is, whether a woman who was once a slave, but for forty-five years has, with her children and grandchildren, lived in the peaceable and quiet enjoyment of liberty, can, by violence and force, be reduced to the condition of slavery, without the right of questioning the title of one who assumes to be the owner. The affirmation of this proposition, so repugnant to the natural dictates of reason and humanity, is supposed to be the consequence of the peculiar legislation of the State, prescribing certain rules for the emancipation of slaves; and it has been argued that a slave cannot, by our laws, acquire a prescriptive title to his liberty, notwithstanding Article 3510 of the Civil Code, which declares, "if a master suffer a slave to enjoy his liberty for ten years, during his residence in the State, or for twenty years while out of it, he shall lose all right of action to recover the possession of the slave, unless the slave be a runaway or fugitive." This provision of the Code, we are told by counsel, is merely idle, without meaning or applicability, and can in no way affect the right of the master to reduce his slave into actual possession at any time. We would not feel ourselves at liberty, under any circumstance, to disregard such a clear expression of the legislative will as is contained in that article, and we see nothing in the relation subsisting between master and slave, or in the laws which undertake to regulate the *status* of the slave in reference to his rights and privileges as a freeman, incompatible with the prescriptive title to freedom which he may acquire under that law.

The law recognizes this as one of the modes in which a slave may acquire his right to freedom, for if the master is denied a right of action to recover possession, after suffering his slave to enjoy his liberty for a certain length of time, there is no principle on which a resort to violence, in order to reduce him again to slavery, could be justified or tolerated by any one. The State is interested in disposing of such persons after they have acquired their right to freedom, and, by several laws, the right of the slave to his liberty, even when he has gained the consent of his owner, has been qualified with a view to the interests of society at large; but, although ever since the formation of the government, the power of emancipating his slaves, either by act *inter vivos* or by testament, has been conferred by law on the master, there has never been

any statute passed, declaring that the slave shall forfeit the right to his <span style="float:right">EULALIE AND HER<br>CHILDREN<br>*v.*<br>LONG ET AL.</span> freedom so acquired, and revert to his former owner, until the Act of one thousand eight hundred and fifty-two, which prescribes a mode for perfecting the emancipation of slaves, where it has remained incomplete by reason of the failure to comply with all the requisites of law.   This statute makes it the duty of the judge of the district to appoint an agent to hire out such slaves until they have earned a sufficient sum to defray the expense of their removal to Liberia, and provides that, in case any slave or slaves, after having been so emancipated, should not be sent to Liberia within one year after being liberated, or should return again after being sent, said slaves shall forfeit their freedom and become slaves, and revert to their former owners.   The State has an absolute control by its legislation over that class of persons, and when the right of the owner to the slave as his property has ceased by virtue of the emancipation, it is for the State, and not for individuals,  to regulate the disposition which shall be made of them.

From the argument and authorities adduced by defendants' counsel, we have concluded the defendants have a right to answer over on their exception being overruled.

It is therefore ordered, adjudged and decreed, that the judgment of the court be reversed and annulled ; that the exception filed by defendants be overruled, and the cause remanded to the court below to be proceeded in according to law ; the defendants to pay the costs of this appeal.